UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**THE TORO COMPANY**,                 Civil Action No._____
a Delaware Corporation,

        Plaintiff,

                                                **COMPLAINT**

vs.

                                              (Jury Trial Demanded)

**BARRETO MANUFACTURING, INC.,**
an Oregon Corporation,

        Defendant.

---

Comes now the Plaintiff, and for its Complaint against Defendant, states and alleges as follows:

## THE PARTIES

1. Plaintiff, The Toro Company, is incorporated in the State of Delaware, having a principal place of business at 8111 Lyndale Avenue South, Bloomington, MN 55420.

2. Upon information and belief, Defendant, Barreto Manufacturing, Inc., is incorporated under the laws of the State of Oregon, having a principal place of business at 66498 Oregon Hwy. 203, LaGrande, OR 97850. Its registered agent is Charles M. McNair, 705 W. 10th St., Medford OR 97501.

3. On January 12, 2010, United States Patent No. 7,644,524 (hereinafter "the '524 patent") entitled WALK-BEHIND TRENCHING MACHINE was duly and legally issued to Plaintiff as assignee; and since that date Plaintiff has been, and still is, owner of

all right, title and interest in the '524 patent. A copy of the '524 patent is attached hereto as Exhibit A.

4. On October 5, 2010, United States Patent No. 7,805,864 (hereinafter "the '864 patent") entitled WALK-BEHIND TRENCHING MACHINE was duly and legally issued to Plaintiff as assignee; and since that date Plaintiff has been, and still is, owner of all right, title and interest in the '864 patent. A copy of the '864 patent is attached hereto as Exhibit B.

5. On September 13, 2011, United States Patent No. 8,015,733 (hereinafter "the '733 patent") entitled WALK-BEHIND TRENCHING MACHINE was duly and legally issued to Plaintiff as assignee; and since that date Plaintiff has been, and still is, owner of all right, title and interest in the '733 patent. A copy of the '733 patent is attached hereto as Exhibit C.

6. On June 26, 2012, United States Patent No. 8,205,361 (hereinafter "the '361 patent") entitled WALK-BEHIND TRENCHING MACHINE was duly and legally issued to Plaintiff as assignee; and since that date Plaintiff has been, and still is, owner of all right, title and interest in the '361 patent. A copy of the '361 patent is attached hereto as Exhibit D.

## JURISDICTION AND VENUE

7. This is a claim of patent infringement arising under the Act of Congress relating to patents, 35 U.S.C. § 1, *et seq.*

8. This Court has subject matter jurisdiction over Plaintiff's patent infringement lawsuit under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant by virtue of, *inter alia,* its continuous and systematic contacts with Minnesota and its sale and offer of sale of infringing products within this district.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PAT. NO. 7,644,524

11. Plaintiff restates the allegations set forth in paragraphs 1-10 and incorporates them herein by reference.

12. By virtue of its ownership of the '524 patent, Plaintiff has acquired and continues to maintain the right to sue on and the right to recover for infringement of the '524 patent.

13. On information and belief, Defendant has directly infringed, contributed to the infringement of, and/or induced infringement of the '524 patent through the manufacture, use, sale and offer for sale of its products, including its TK Track Trenchers.

14. Plaintiff has been damaged by Defendant's infringement of the '524 patent and will continue to be damaged in the future unless Defendant is permanently enjoined from infringing that patent, contributing to the infringement of that patent, and/or inducing the infringement of that patent by others.

15. Plaintiff has satisfied the marking requirements for the '524 patent pursuant to 35 U.S.C. § 287. Plaintiff has also provided Defendant with actual notice of the '524 patent and that Defendant's use, manufacture, sale, and offer for sale of the above-

identified products infringes the '524 patent, contributes to the infringement of that patent and induces the infringement of that patent by others.

16. Defendant's infringement of the '524 patent is now and has been willful and will continue unless enjoined by the Court.

### COUNT II – INFRINGEMENT OF U.S. PAT. NO. 7,805,864

17. Plaintiff restates the allegations set forth in paragraphs 1-10 and incorporates them herein by reference.

18. By virtue of its ownership of the '864 patent, Plaintiff has acquired and continues to maintain the right to sue on and the right to recover for infringement of the '864 patent.

19. On information and belief, Defendant has directly infringed, contributed to the infringement of, and/or induced infringement of the '864 patent through the manufacture, use, sale and offer for sale of its products, including its TK Track Trenchers.

20. Plaintiff has been damaged by Defendant's infringement of the '864 patent and will continue to be damaged in the future unless Defendant is permanently enjoined from infringing that patent, contributing to the infringement of that patent, and/or inducing the infringement of that patent by others.

21. Plaintiff has satisfied the marking requirements for the '864 patent pursuant to 35 U.S.C. § 287.  Plaintiff has also provided Defendant with actual notice of the '864 patent and that Defendant's use, manufacture, sale, and offer for sale of the above-

identified products infringes the '864 patent, contributes to the infringement of that patent and induces the infringement of that patent by others.

22.     Defendant's infringement of the '864 patent is now and has been willful and will continue unless enjoined by the Court.

## COUNT III – INFRINGEMENT OF U.S. PAT. NO. 8,015,733

23.     Plaintiff restates the allegations set forth in paragraphs 1-10 and incorporates them herein by reference.

24.     By virtue of its ownership of the '733 patent, Plaintiff has acquired and continues to maintain the right to sue on and the right to recover for infringement of the '733 patent.

25.     On information and belief, Defendant has directly infringed, contributed to the infringement of, and/or induced infringement of the '733 patent through the manufacture, use, sale and offer for sale of its products, including its TK Track Trenchers.

26.     Plaintiff has been damaged by Defendant's infringement of the '733 patent and will continue to be damaged in the future unless Defendant is permanently enjoined from infringing that patent, contributing to the infringement of that patent, and/or inducing the infringement of that patent by others.

27.     Plaintiff has satisfied the marking requirements for the '733 patent pursuant to 35 U.S.C. § 287.  Plaintiff has also provided Defendant with actual notice of the '733 patent and that Defendant's use, manufacture, sale, and offer for sale of the above-

5

identified products infringes the '733 patent, contributes to the infringement of that patent and induces the infringement of that patent by others.

28. Defendant's infringement of the '733 patent is now and has been willful and will continue unless enjoined by the Court.

### COUNT IV – INFRINGEMENT OF U.S. PAT. NO. 8,205,361

29. Plaintiff restates the allegations set forth in paragraphs 1-10 and incorporates them herein by reference.

30. By virtue of its ownership of the '361 patent, Plaintiff has acquired and continues to maintain the right to sue on and the right to recover for infringement of the '361 patent.

31. On information and belief, Defendant has directly infringed, contributed to the infringement of, and/or induced infringement of the '361 patent through the manufacture, use, sale and offer for sale of its products, including its TK Track Trenchers.

32. Plaintiff has been damaged by Defendant's infringement of the '361 patent and will continue to be damaged in the future unless Defendant is permanently enjoined from infringing that patent, contributing to the infringement of that patent, and/or inducing the infringement of that patent by others.

33. Plaintiff has satisfied the marking requirements for the '361 patent pursuant to 35 U.S.C. § 287. Plaintiff has also provided Defendant with actual notice of the '361 patent and that Defendant's use, manufacture, sale, and offer for sale of the above-

identified products infringes the '361 patent, contributes to the infringement of that patent and induces the infringement of that patent by others.

34. Defendant's infringement of the '361 patent is now and has been willful and will continue unless enjoined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment that:

1. United States Patent Nos. 7,644,524, 7,805,864, 8,015,733, and 8,205,361 were duly and legally issued, and are valid and enforceable;

2. Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of United States Patent Nos. 7,644,524, 7,805,864, 8,015,733, and 8,205,361;

3. Defendant's infringement of one or more claims of United States Patent Nos. 7,644,524, 7,805,864, 8,015,733, and 8,205,361 was willful;

4. Defendant, its officers, agents, servants and employees, and those persons in active concert or participation with any of them be enjoined from further infringing, contributing to the infringement, or inducing the infringement of United States Patent Nos. 7,644,524, 7,805,864, 8,015,733, and 8,205,361;

5. An accounting be had and that Plaintiff be awarded damages arising out of Defendant's infringement of United States Patent Nos. 7,644,524, 7,805,864, 8,015,733, and 8,205,361, including treble damages for willful infringement as provided by 35 U.S.C. § 284, with interest;

6. Defendant be preliminarily and permanently enjoined from continued use, importation, offer for sale, or sale of Defendant's products used to infringe the patent-in-suite;

7. That Defendant be ordered to deliver up to the Court all infringing products in their possession, custody or control for destruction and be enjoined from continuing to maintain or service such products;

8. This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and the Plaintiff be awarded its costs and attorneys' fees in pursuing this action; and

9. Plaintiff be awarded such other and further relief as this Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 27, 2014.                    **BRIGGS AND MORGAN, P.A.**


By *s/Patrick S. Williams*
  Patrick S. Williams (#196502)
  Scott M. Flaherty (#388354)
  Gerald E. Helget (#155184)
2200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota  55402
Phone:  (612) 977-8400

**ATTORNEYS FOR PLAINTIFF
THE TORO COMPANY**